Filed 9/30/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE, | B252804 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA075027) |
| v. | |
| KAREN A. CHRISTIANSEN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Stephen A. Marcus, Judge.  Reversed with directions.

_____

Hillel Chodos, Philip Kaufler, and Michael A. Goldfeder for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, and Margaret E. Maxwell, Deputy Attorney General, for Plaintiff and Respondent.

_____

Karen Christiansen appeals from the superior court's order denying her request for the sealing and destruction of the fingerprint impressions obtained at the time of her arrest. We conclude that such fingerprint impressions constitute "records of the arrest" within the meaning of Penal Code section 851.8,[1] and we therefore reverse.

BACKGROUND

Christiansen was convicted on four counts of conflict of interest in violation of Government Code section 1090. She appealed, and we reversed her convictions, vacated her sentence and the restitution award entered against her, and directed the superior court "to enter an order dismissing all charges against her." (*People v. Christiansen* (2013) 216 Cal.App.4th 1181, 1191.)

On remand, Christiansen moved for dismissal of the charges and a finding of factual innocence under section 851.8, including "a concurrent order for all records of this arrest and conviction [to be] sealed and destroyed." By the same motion, she also sought to have "all of her material identifiers removed from all State and Federal law enforcement criminal data[]bases forthwith" pursuant to section 299, including both DNA and "finger[]print impressions." (Block capitals omitted.)

The People opposed Christiansen's request for a finding of factual innocence. They did not oppose her request for dismissal of the charges and removal of her "post-conviction DNA sample from the DNA database." The People did, however, object to Christiansen's "request to destroy fingerprints as fingerprints are maintained to track arrests as well as convictions and [she] cites no authority for their destruction."

The court granted some but not all of the relief Christiansen sought. The court's minute order dismissed the charges, vacated her sentence and the restitution award entered against her, and exonerated her bail on appeal. The court next turned to Christiansen's request for relief under section 299 and granted it in part but denied it in part, stating that "[t]he defendant's DNA that was collected is ordered destroyed, however the fingerprint impression obtained at the time of arrest is ordered retained."

---

[1] All subsequent statutory references are to the Penal Code unless otherwise indicated.

2

The court then addressed the request for relief under section 851.8 and granted it in full, stating, "The defendant is declared factually innocent of the charge of which the arrest was made and [the court] orders the arrest record sealed and destroyed pursuant to Penal Code section 851.8(c)." At the hearing on Christiansen's motion, her counsel also requested that her passport be returned, and the court ordered "that the defendant's passport that was surrendered in Department 146 of the Airport Court on January 25, 2011, be returned to her if it is still retained by the court."

Christiansen timely appealed from the court's order. The People did not appeal.

DISCUSSION

Christiansen argues that the superior court erred by ordering that the fingerprint impressions obtained at the time of her arrest be retained rather than destroyed. We agree.

Under section 851.8, "a person who has been arrested" and against whom "an accusatory pleading has been filed" but as to whom "no conviction has occurred" may, if the action is dismissed, "petition the court that dismissed the action for a finding that the defendant is factually innocent of the charges for which the arrest was made." (§ 851.8, subd. (c).) "If the court finds the petitioner to be factually innocent of the charges for which the arrest was made, then the court shall grant the relief as provided in subdivision (b)." (*Ibid.*)

Subdivision (b) of section 851.8 provides as follows: "If the court finds the arrestee to be factually innocent of the charges for which the arrest was made, then the court shall order the law enforcement agency having jurisdiction over the offense, the Department of Justice, and any law enforcement agency which arrested the petitioner or participated in the arrest of the petitioner for an offense for which the petitioner has been found factually innocent under this section to seal their records of the arrest and the court order to seal and destroy the records, for three years from the date of the arrest and thereafter to destroy their records of the arrest and the court order to seal and destroy those records. The court shall also order the law enforcement agency having jurisdiction over the offense and the Department of Justice to request the destruction of any records

3

of the arrest which they have given to any local, state, or federal agency, person or entity. Each state or local agency, person or entity within the State of California receiving such a request shall destroy its records of the arrest and the request to destroy the records, unless otherwise provided in this section. The court shall give to the petitioner a copy of any court order concerning the destruction of the arrest records."

The superior court found Christiansen to be factually innocent, and the People did not appeal that finding. Christiansen is accordingly entitled to an order requiring the destruction of the "records of the arrest" (§ 851.8, subd. (b)) on the charges of which she has been found factually innocent.

The superior court ordered that "the arrest record" be "sealed and destroyed" pursuant to section 851.8. But at the same time, the superior court ordered that "the fingerprint impression obtained at the time of arrest" be "retained." Thus, either the court did not consider the fingerprint impressions obtained at the time of arrest to constitute part of the arrest record, or the court specifically exempted that part of the arrest record from the general order for the arrest record's destruction. Either way, the court erred.

Fingerprint impressions obtained at the time of arrest constitute part of the records of the arrest within the plain meaning of those terms. On appeal, the People present no argument to the contrary, nor any other reason why such fingerprint impressions should not be considered part of the records of the arrest for purposes of section 851.8, subdivisions (b) and (c). Nor did the superior court explain why they should not be so considered. We conclude that fingerprint impressions obtained at the time of arrest are part of the records of the arrest within the meaning of section 851.8. We are aware of no argument to the contrary.

Likewise, the People do not argue that there is any authority for exempting that part of the records of the arrest from the destruction order that is required by section 851.8, subdivisions (b) and (c). The superior court also failed to identify any such authority. Again, we are aware of none.

We have been able to identify only one argument purporting to justify the superior court's order. In opposition to Christiansen's motion, the People contended that the

4

fingerprint impressions obtained at the time of Christiansen's arrest should be retained because "fingerprints are maintained to track arrests as well as convictions and . . . Christiansen cites no authority for their destruction." The argument lacks merit. Assuming for the sake of argument that fingerprints are ordinarily maintained to track arrests, that consideration is irrelevant here. When an arrestee like Christiansen is ultimately found factually innocent within the meaning of section 851.8, the statute requires that the records of the arrest be destroyed. That statutory requirement reflects the Legislature's judgment that arrests in cases like this one are not to be tracked— otherwise, the requirement that the records of such arrests be destroyed would be nonsensical. We likewise disagree with the People's assertion that Christiansen cited no authority for the destruction of the fingerprint impressions obtained at the time of her arrest. The authority is section 851.8.

For all of the foregoing reasons, we conclude that the superior court erred by ordering that the fingerprint impressions obtained at the time of Christiansen's arrest be retained rather than destroyed.

DISPOSITION

The superior court's order that "the fingerprint impression obtained at the time of [Christiansen's] arrest is ordered retained" is reversed, and the court is directed to enter an order granting Christiansen's request to have all fingerprint impressions obtained at the time of her arrest destroyed.

<u>CERTIFIED FOR PUBLICATION</u>.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


MILLER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.